CLD-075                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3650
_____

ROBERT R. OLESON,
Appellant

v.

BUREAU OF PRISONS; MR. SPALDING; MS. BROWN;
MR. THOMPSON; MR. DONAHUE; MR. SILVER;
MR. HEFFRON; MR. SCARBOUROUGH (phonetic);
MR. ESPANOZA (phonetic); MR. CASTILLO
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-05706)
District Judge: Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 22, 2010

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>.

(Opinion filed: January 6, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Robert Oleson, a prisoner at the Federal Correctional Institution at Fort Dix, appeals

from an order of the District Court dismissing sua sponte this pro se civil rights action for

failure to exhaust administrative remedies. For the reasons that follow, we will vacate the order of the District Court and remand for further proceedings.

On November 9, 2009, Oleson filed a complaint pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). He named several prison officials as defendants and alleged that they (1) refused to replace his wheelchair, (2) refused to relocate him to a unit with a first-floor meeting room, (3) removed items from his cell, (4) required him to wait outside in the rain for his turn to enter the dining building, and (5) deleted visitors from his visitor log. The District Court sua sponte dismissed the complaint for failure to exhaust. Oleson filed a motion for reconsideration, attaching documents that he thought demonstrated that he had exhausted his remedies. The District Court granted the motion, but again dismissed the complaint for failure to exhaust. The defendants were never served. Oleson appealed.[1]

"[E]xhaustion is mandatory under the [Prison Litigation Reform Act, 42 U.S.C. 1997e et seq.] and [. . .] unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 919-19 (2007). However, as we made clear in Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002), "failure to exhaust is an affirmative defense to be pleaded by the defendant." In some limited circumstances, it may be appropriate for the District Court to sua sponte dismiss a complaint for failure to exhaust, such as when the plaintiff

---

[1] We have jurisdiction to hear this appeal. 42 U.S.C. § 1291. Our review of a district court's dismissal for failure to exhaust is plenary. Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004). Summary action is warranted if an appeal presents no substantial

expressly concedes that he or she has failed to exhaust a claim. See Id. at 293 n.5. Oleson made no such concession. To the contrary, he claims to have exhausted his administrative remedies. Nor is Oleson's failure to exhaust "apparent from the face of the complaint" or his other filings. Id. at 297. It may be—a question we do not reach— that the documents Oleson submitted to the District Court do not prove that he exhausted available remedies; however, as in Ray, see Id., they do not prove that he did not exhaust, either. To dismiss on this basis improperly places the burden on Oleson, instead of on the defendants.

Accordingly, we will summarily vacate the District Court and remand for further proceedings. Appellant's motion for a court order directing prison staff to provide him with new wheelchair castors is denied.

---

question. LAR 27.4; I.O.P. 10.6.

3